UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATARINA GARNICA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>　　　　　Defendant. | No. 2:20-cv-02411-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiffs Catarina Garnica, Vanessa Singh, and Albert Garnica (collectively "Plaintiffs") seek to recover damages from Defendant Laboratory Corporation of America Holdings ("Defendant") for negligence, *res ipsa loquitur*, and breach of contract based on the allegedly flawed processing and reporting, by Defendant, of court-ordered paternity test results during state custody proceedings. Presently before the Court is Defendant's Motion to Dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a viable claim.   Defendant asserts the case is barred by California's litigation privilege, as codified by California Civil Code § 47.  ECF No. 10.  Defendant's Motion is **GRANTED** with leave to amend.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local Rule 230(g).

1

## ANALYSIS

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotation marks omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotation marks omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

All of Plaintiffs' claims are foreclosed by California's litigation privilege. See Falcon v. Long Beach Genetics, Inc., 224 Cal. App. 4th 1263 (4th Dist. 2014) (applying the privilege to challenges to court-ordered paternity test under materially analogous circumstances). Indeed, even Plaintiffs concede that Falcon is fatal to their negligence

///
///
///
///
///

and *res ipsa loquitur* claims.  See Opp., ECF No. 16, at 4-5.[2]  Moreover, the Court is persuaded that the privilege extends to Plaintiffs' breach of contract claims as well.  The basis of the breach of contract and negligence claims is precisely the same.  Those contract claims are thus barred with Plaintiffs' negligence claims.[3]  See Feldman v. 1100 Park Lane Assoc., 160 Cal. App. 4th 1467, 1497 (finding breach of contract claims subject to the litigation privilege when "[t]he same communicative conduct formed the basis for the tort and breach of contract causes of action"); McNair v. City and County of San Francisco, 5 Cal. App. 5th 1154, 1172 (1st Dist. 2016) ("[I]t is the gravamen of the cause of action rather than its designation that is controlling.").

## CONCLUSION

For the reasons just stated, Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED** with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiffs may, but are not required to, file an amended complaint.  If no amended complaint is timely filed, this action will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  September 7, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In an attempt to save those claims, Plaintiffs nonetheless make two unpersuasive arguments.  First, they contend that applying the litigation privilege in the context of court-ordered paternity proceedings, when it would not apply to bar challenges to privately requested testing, violates the Equal Protection Clause of the United States Constitution.  Plaintiffs cite no authority for this proposition, do not explain how litigants in court proceedings where paternity tests are ordered are similarly situated to private individuals seeking to obtain testing on their own, or make clear how making such a distinction fails rational basis review.  This argument is thus rejected.  Second, Plaintiffs contend this Court should follow authority from outside of this circuit construing statutes from other states to argue that California's litigation privilege should not apply.  Given the irrelevance of that authority, this argument is also not well taken.

[3] Regardless, the Court is not convinced that Plaintiffs were owed a duty of care or were third-party beneficiaries to any contract between Defendant and the county.  See, e.g., Falcon, 224 Cal. App. 4th at 1270 n.5 (observing that the trial court had concluded that those plaintiffs failed to show the laboratory owed them a duty of care or that plaintiffs were intended third-party beneficiaries).